IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 13 |
| | § | |
| BORIS TWAIN CLEWIS, | § | Case No. 18-36590 |
| | § | |
| Debtor. | § | |

**OBJECTION OF HARRIS COUNTY AND THE CITY OF HOUSTON TO DEBTOR'S CHAPTER 13 PLAN**

**To the Honorable David R. Jones,
Chief United States Bankruptcy Judge:**

NOW COME, the City of Houston and Harris County, secured creditors in the above-numbered and styled bankruptcy case, and file this objection to Boris Twain Clewis' (the "Debtor") Chapter 13 Plan (the "Plan"), stating as grounds therefore the following:

**I. Statement of Facts**

1. On November 28, 2018, the Debtor filed a voluntary petition for relief under chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. Harris County has filed a secured prepetition proof of claim in the amount of $220,012.37 for real property ad valorem taxes for various tax years. A claim has also been filed for Harris County Court Costs in the amount of $4,980.50. The City of Houston has filed a claim in the amount of $1,615.03 for a nuisance lien such as a weed and/or demolition lien.

1

## II. Objection

3. Harris County and the City of Houston object to the Plan on the basis that the Plan does not comply with BLR 3015-1.

4. Harris County and the City of Houston next object to the Plan on the basis that the Plan does not provide for their claims.

5. Harris County objects to the Plan on the basis that the Debtor seeks to avoid Harris County's lien as set forth in paragraph 3.4 of the Plan. Harris County's liens cannot be avoided because they are neither judicial liens nor security interests. The Bankruptcy Code defines security interest as a lien created by an agreement. 11 U.S.C. § 101(51). The Bankruptcy Code defines judicial liens as a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. 11 U.S.C. § 101(36). The liens held by Harris County arise by statute. The Bankruptcy Code defines statutory lien as a "lien arising solely by force of a statute on specified circumstances or conditions….but does not include security interest or judicial lien…" 11 U.S.C. § 101(53). Because Harris County's liens are secured by statutory liens, they cannot be avoided as the Debtor is attempting to do in paragraph 3.4.

**WHEREFORE PREMISES CONSIDERED** Harris County and the city of Houston respectfully request the Court to deny the Plan, and that it grant Harris County and the City of Houston, such other and further relief, at law or in equity, as is just.

Dated:  February 26, 2019

Respectfully submitted,

**LINEBARGER GOGGAN BLAIR & SAMPSON, LLP**

<u>/s/  John P. Dillman</u>
**JOHN P. DILLMAN**
Texas State Bar No. 05874400
**TARA L. GRUNDEMEIER**
Texas State Bar No. 24036691
Post Office Box 3064
Houston, Texas 77253-3064
(713) 844-3478 *Telephone*
(713) 844-3503 *Telecopier*

*Counsel for Harris County and the City of Houston*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was served upon the following entities by electronic court filing or by placing same, in the United States Mail, first class, postage fully prepaid, on <u>February 26, 2019</u>:

Boris Twain Clewis
2014 Rosedale
Houston, Texas 77004

William E. Heitkamp
Chapter 13 Trustee
9821 Katy Freeway
Suite 590
Houston, Texas 77024

<u>/s/  Tara L. Grundemeier</u>
Tara L. Grundemeier